J. L. ROBINSON AND MRS. J. L. ROBINSON, HIS WIFE, LOIS M. GAULDEN, FORMERLY MRS. E. S. GAULDEN, AS SOLE SURVIVING HEIR OF E. S. GAULDEN, DECEASED, AND LOIS M. GAULDEN AS ADMINISTRATRIX OF THE ESTATE OF E. S. GAULDEN, DECEASED, *Appellants,* v. W. M. PEPPER AND E. D. TURNER, AS RECEIVERS OF THE FLORIDA BANK AND TRUST COMPANY, *Appellees.*

Opinion Filed January 4, 1928.

*Davis & Pepper,* for Appellants;

*E. G. Baxter* and *S. L. Scruggs,* for Appellees.

JOHNSON, Circuit Judge:

The appellees, W. M. Pepper and E. D. Turner, as receivers of and for the Florida Bank and Trust Company of Gainesville, Florida, filed in the Circuit Court for Pinellas County, Florida, their bill of complaint, in the nature of a creditors bill to remove cloud from title, against J. L. Robinson and Mrs. J. L. Robinson, his wife, and against E. S. Gaulden and Mrs. E. S. Gaulden, his wife. Final decree was entered in favor of the complainants as receivers. Subsequent to the final decree E. S. Gaulden died. J. L. Robinson and Mrs. J. L. Robinson, his wife, and Lois M. Gaulden (Mrs. E. S. Gaulden) in her own right and as administratrix of the estate of E. S. Gaulden, deceased, appeal from said final decree.

The bill of complaint, in substance, alleges: the insolvency of the Florida Bank and Trust Company, the closing of the bank and the appointment and qualification of the receivers. Alleges the assessment by the Comptroller of the full amount of the statutory liability against the stockholders of the bank; that the defendant, J. L. Robinson, was a stockholder owning twenty shares of stock of the par value of one hundred dollars each; that he was notified and called on to pay this assesssment but that he declined to pay same. That suit was instituted by the receivers against J. L. Robinson in June, 1924, for the amount of said assess-

ment; that on the 29th day of January, 1925, the receivers recovered judgment against the defendant, J. L. Robinson, in the sum of $2,180.24, principal and interest, and $15.02 for costs. That on the 31st day of January, 1925, a true and correct copy of the transcript of said judgment was recorded in the Foreign Judgment Record of Pinellas County. That thereafter execution was issued out of the Circuit Court of Alachua County, Florida, on said judgment and placed in the hands of the sheriff of Pinellas County, Florida, and that the said sheriff levied said execution on lands, to-wit: Lots 124 and 211 of Bronson & Dowell subdivision of St. Petersburg as the property of the defendant, J. L. Robinson; that said sheriff, after advertisement, sold said lots on the first Monday in May, 1925, during the legal hours of sale; that the complainants, as receivers, purchased said lots; and that sheriff's deed was executed and delivered to the complainnats as purchasers of said lots. That the complainants are now the owners and in possession of said lots.

The bill of complaint further alleges that the defendant, J. L. Robinson, joined by his wife, on the 23rd day of June, 1925, after suit had been brought against him on his stock liability, pretended to deed the said lots of land to the defendant, E. S. Gaulden; that the sale of said lots to Gaulden was fraudulent and for the purpose of secreting said lands, and covering same up to defeat the complainants recovering on the judgment they afterwards secured. The bill further charged on advice and belief that E. S. Gaulden paid nothing of value for said lands, but that there passed, as a mere matter of subterfuge, from the said E. S. Gaulden to the said J. L. Robinson a small loan; that the said loan had been paid off, satisfied and discharged in full; and that the said Gaulden had executed proper acquittance showing payment.

The bill further alleged that the said lots constituted all the property holdings of the said J. L. Robinson subject to levy and sale under the laws of the State of Florida; and that he had no other property out of which they could satisfy their judgment.

The complainants by their bill prayed: that the pretended deed of conveyance from the said J. L. Robinson to E. S. Gaulden be declared a mortgage and fraudulent and made for the purpose of secreting the property of the said Robinson, and that the same has been satisfied and discharged, and that the said Robinson by proper decree and order be required to file such satisfaction of record; and that the pretended deed be cancelled and nullified and made void as against the title of complainants under their said sheriff's deed. The bill carried the prayer for general relief.

The sufficiency of the bill of complaint was not tested by demurrer.

All defendants filed a joint answer to the bill of complaint. In this answer it was admitted that the Florida Bank and Trust Company had been closed and the receivers appointed and qualified. The stock assessment by the Comptroller and that the defendant, J. L. Robinson, declined to pay same was admitted in the answer. The answer also admitted the deed by J. L. Robinson and wife to E. S. Gaulden. All other allegations of the bill of complaint was denied by general denial.

The case was referred to a special examiner to take the testimony.

The complainants offered in evidence certified copy of the transcript of the judgment as entered in Alachua County, Florida, and as recorded in Pinellas County, Florida. Also offered in evidence original deed from Roy Booth, sheriff of Pinellas County, Florida, to the complainants as

receivers, said deed made in pursuance to sheriff's sale under the execution alleged. The complainants offered as a witness one Olive Smith who testified that she had had a conversation with the defendant, E. S. Gaulden, between the months of June and August, 1925. That in this conversation the defendant, E. S. Gaulden, stated that he had taken this deed to secure a loan of a few hundred dollars; that the loan had been paid back by Robinson and that he, E. S. Gaulden, had executed to Robinson satisfaction for same (quoting the substance of the testimony).

The testimony in the case was taken in Dixie County, the home county of the defendants, J. L. Robinson and E. S. Gaulden. The defendants failed or declined to offer any testimony in rebuttal of that offered by the complainants.

At the time of the sheriff's sale of these two lots it appears that the defendant, E. S. Gaulden, was the record owner of the legal title. The defendant, Gaulden, offers no evidence to protect this title. The testimony of the witness, Olive Smith, shows that defendant, Gaulden, admitted to her that this deed was made to secure a loan of a few hundred dollars made to J. L. Robinson, that this loan had been paid and satisfaction executed to Robinson. If these admissions were true, and we have to accept them as being true in the absence of competent testimony in rebuttal, then the two lots involved were subject to the execution sale alleged.

Upon final hearing the Court rendered a decree in favor of the complainants as receivers of the Florida Bank and Trust Company.

The appellants, defendants in the court below, make three assignments of error:

1. That the court erred in entering a final decree in the foregoing cause.

2. That the Court erred in making a final decree in behalf of the complainants and not making a final decree in behalf of the defendants.

3. That the court erred in finding the issues in said cause with the complainants and in not finding the issues with the defendants on the proof and evidence offered in said cause.

The three assignments go to the sufficiency of the evidence to support the final decree. We think the record and the evidence, as a whole supports the decree.

Decree affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.