226 So.2d 461 (1969)
Glenn D. FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 69-78.
District Court of Appeal of Florida. Second District.
September 17, 1969.
Robert E. Jagger, Public Defender, and Edwin I. Ford, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant, defendant below, was charged with and plead guilty to the offense of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. However, his adjudication of guilt and imposition of sentence were stayed by the Hillsborough County Circuit Court, and he was placed on probation under certain listed conditions for a period of three years as of June 29, 1967. Subsequently, after appropriate proceedings, an amended order was entered on January 12, 1968, extending the order of probation previously entered from three *462 to five years due to appellant's failure to divulge to the court material facts and information and charges pending at the time of entry of the original order of probation.
Appellant's probation supervisor, L. John Makin, filed an affidavit of violation of probation on December 9, 1968, alleging a violation of condition (a) of appellant's probation, which states in part that appellant will not change his employment without first procuring consent of the court, which consent shall be obtained through appellant's probation supervisor. Also alleged was a violation of condition (b), which states in part that appellant shall make a report to his probation supervisor on the form provided for that purpose no later than the 5th day of each month until his release. Appellant pleaded not guilty to these allegations, although the record of the hearing of revocation of probation shows that the plea was later changed to guilty. An amended affidavit of violation of probation was filed by appellant's probation supervisor on January 24, 1969, alleging in addition to the points raised by the original affidavit that appellant violated condition (c) of his probation, which states in part that appellant will not use intoxicants of any kind. It further alleged that appellant, a minor, on or about June 13, 1968, in the company of one Tod Mahone, also a minor, purchased alcoholic beverages using a fraudulent identification card. Appellant pleaded not guilty to violation of condition (c), and a hearing was held on the matter. The circuit judge thereafter revoked appellant's probation, adjudicated him guilty of the offense of breaking and entering a building other than a dwelling house with the intent to commit a misdemeanor, and sentenced him to hard labor from six months to four years. It is from this revocation of probation that this appeal has ensued.
Appellant first argues that fundamental error was committed by the trial court in considering matters raised by the amended affidavit of violation of probation. The cases of McNeely v. State, Fla.App. 1966, 186 So.2d 520, and State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631, do not support his contention.
Appellant also urges that the trial court committed fundamental error when hearsay evidence was admitted to substantiate the alleged violation of condition (c) of appellant's probation order. This argument has some merit. While a trial judge is allowed broad judicial discretion in determining whether the conditions of probation have been violated and the introduction of hearsay evidence into the hearing will not constitute reversible error per se, State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597; McNeely v. State, Fla.App. 1966, 186 So.2d 520, this court held in McNeely, supra at p. 524, that there must be other proper and legally admissible evidence upon which the trial judge can base his decision for the revocation order to stand. We have carefully examined the record of the hearing on revocation of appellant's probation and we are unable to find any evidence other than hearsay supporting a violation of condition (c). It is therefore ordered that any mention of a violation of condition (c) be stricken from the order of revocation of probation.
However, we are unable to agree with appellant's contention that this error infected the hearing to the extent that the order of the trial judge revoking appellant's probation should be reversed. Appellant pleaded guilty to violations of conditions (a) and (b) of his probation. Such violations are sufficient standing alone to justify revocation of probation under Fla. Stat. § 948.06(1), 1967, F.S.A., which reads in part as follows:
"The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted to be true may forthwith revoke, modify or continue probation *463 and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted * * *."
Hence the error committed was harmless to appellant's case.
The order, judgment and sentence appealed are therefore affirmed.
PIERCE and MANN, JJ., concur.