276 So.2d 497 (1973)
Charles Wade HAMPTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1033.
District Court of Appeal of Florida, Third District.
March 1, 1973.
On Rehearing May 2, 1973.
Phillip A. Hubbart, Public Defender, and John Lipinski, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard Mattaway, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The appellant was found guilty of attempted robbery; however, adjudication of guilt was withheld, and an order withholding entry of sentence and placing him on probation for seven years was entered. Thereafter, an affidavit of violation of probation was filed by his probation supervisor. The violation alleged was as follows:
"By changing approved residence and employment without consent, in that he did move from approved residence and did leave approved employment site on or about June 2, 1972. As sworn to Affidavit by Harry M. Ivey Jr. Probation Officer and signed by Criminal Court Judge Warren A. Nelson of Duval County."
An adjudication of insolvency and appointment of public defender to represent appellant's interests was entered. Thereafter, a hearing was held before the court on the alleged probation violation. At the conclusion of the hearing, the court entered its judgment revoking probation and sentencing the appellant to five years in the state penitentiary. This appeal is from that judgment.
It affirmatively appears from the record of the hearing that the only evidence in support of the charged violation of probation was hearsay testimony. The courts of this state have uniformly held that although proceedings upon the revocation of probation may be informal in nature and are not rendered erroneous by the admission of hearsay testimony, yet a judgment revoking probation may not be *498 entered when there is no other evidence except hearsay testimony. Franklin v. State, Fla.App. 1969, 226 So.2d 461.
Therefore, the order revoking probation is reversed, and the judgment and sentence is set aside with directions to return the appellant to probation under the terms and conditions originally established.
Reversed and remanded with directions.

ON REHEARING GRANTED
The appellee, State of Florida, having filed its petition for rehearing in which it expresses concern that this court's opinion and decision filed on this appeal may be interpreted as barring further proceedings upon the violation of probation concerned, thereupon the petition for rehearing is granted and the opinion and decision of this court is amended by adding the following sentence at the end of the next to the last paragraph thereof: "The action of this court is without prejudice to a further affidavit and further proceedings upon the violation upon which hearing was had".
It is so ordered.