293 So.2d 771 (1974)
Teresa Lynette TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. U-207.
District Court of Appeal of Florida, First District.
May 2, 1974.
Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from an order of the Circuit Court of Duval County revoking appellant's probation and sentencing her to a term of sixty (60) days in the Duval County Jail. The only question presented on appeal is whether or not the evidence on which the trial court based its order was sufficient. After hearing the evidence which consisted only of the testimony of one witness, Keith Coker, court liaison officer for the Life Drug Program, the trial court stated as follows:
"The Court finds that you have violated your probation, the condition of your probation that you reside at the Life Drug Program."
The condition of the probation order referred to by the judge was condition (k) which states as follows:
"Shall participate in a residential treatment program at the Life Drug Therapuetic Residence, or in such other program as is deemed necessary by the staff of the Life Drug Program."
There was no evidence of any requirement that appellant remain at the Life Drug Therapuetic Residence at all times. The only evidence presented was the testimony of Coker that he went to the center on two occasions and did not see her there; that he had been told that she had left; that from his own personal knowledge he did not know whether she was there or not. At the close of the evidence, appellant moved that the rule be discharged for lack of sufficient evidence. The court denied the motion.
Since the only evidence to support the trial court's finding that appellant had absconded *772 from the Life Drug Program was hearsay, the order revoking probation cannot stand. See Hampton v. State, Fla.App., 276 So.2d 497 and Franklin v. State, Fla. App., 226 So.2d 461.
The order revoking probation is reversed and the judgment and sentence is set aside with directions to return appellant to probation under the terms and conditions originally established, unless she had now completed serving the sixty day sentence. The action of this court is without prejudice to a further affidavit and further proceedings upon the violation upon which hearing was had.
Reversed and remanded with directions.
BOYER, Acting C.J., and DREW, E. HARRIS (Retired), Associate Judge, concur.