294 So.2d 95 (1974)
Dennis Lee SARLES, Appellant,
v.
STATE of Florida, Appellee.
No. T-486.
District Court of Appeal of Florida, First District.
May 9, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from an order of the Circuit Court, Duval County, revoking appellant's probation. Appellant had been placed on two years probation upon his guilty plea to a charge of issuing a worthless bank check. Approximately one year later on June 1, 1973, appellant was arrested and placed in jail on felony charges of breaking and entering with intent to commit a felony and grand larceny. On June 18, 1973, with appellant and his counsel, the public defender, present, the court issued a rule to show cause setting a hearing on the question of revocation of appellant's probation for alleged violation of condition (e) of the probation order by his allegedly committing the aforesaid offenses. Hearing was held by the trial judge on July 3, 1973, at the conclusion of which he found the violation of probation was proved. Appellant was then adjudged guilty of the original offense for which he was placed on probation (passing a worthless bank check), adjudication of guilt having previously been withheld.
Appellant raises two points upon which he urges reversal as follows:
1. The trial court erred in finding that James Mitchell was competent to testify.
2. Appellant was denied due process of law under the Fifth and Fourteenth Amendments to the United States Constitution in that he was not provided a preliminary hearing prior to his final parole revocation hearing.
As to the first point, the record reveals that the assistant state attorney and the trial judge both thoroughly questioned the twelve year old witness, James Mitchell, to determine his competency to testify. *96 The judge's decision to permit the testimony was within his sound discretion. We find no abuse of discretion. See Hall v. State, Fla.App., 260 So.2d 881.
Appellant on his second point relies upon two opinions of the Supreme Court of the United States  Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Morrissey the Supreme Court considered and ruled upon procedures for revocation of parole in the State of Iowa. In Gagnon it considered and ruled upon procedures for revocation of probation in the State of Wisconsin. Under the procedures in each of these states, revocation was not accomplished by the court, but was carried out by administrative agencies without a hearing. The Supreme Court held in each instance that such procedure denied due process of law to the defendant; that the defendant in each case should have been afforded a preliminary hearing by the administrative agency having charge of the matter for determination of whether or not there was probable cause to believe that he had violated his parole or probation; that the defendants should also have been afforded final hearings prior to the ultimate decision or revocation of parole or probation. In Florida the Florida Parole and Probation Commission determines the question of violation of parole but the court conducts the procedures for revocation of probation.
The Supreme Court of Florida in the recent case, Bernhardt v. State, Fla., 288 So.2d 490 (1974) thoroughly discussed Florida's statutory probation revocation procedures in the light of the United States Supreme Court decisions in Morrissey and Gagnon. It held such procedures to be fully in accord with the minimal due process requirements set out in Morrissey and Gagnon. The Florida procedures do not require a preliminary hearing for revocation of probation but do require a hearing within ten days from the date of the probationer's arrest on probation violation charges. This hearing can be a final hearing unless the probationer desires more time. Failure of the court to hold the hearing within the ten day period causes the immediate release of the person from incarceration on the temporary revocation. Section 949.11, Florida Statutes, F.S.A.
On the particular point here involved, when a probationer is arrested for allegedly committing another felony and is charged with probation violation by committing that felony, he is, of course, then held in custody on both charges. Section 949.10, Florida Statutes, F.S.A. then comes into play. It states as follows:
"The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the terms and conditions of such parole or probation. Upon such arrest the parole agreement or probation order shall immediately be temporarily revoked, and such person shall remain in custody until a hearing by the parole and probation commission or the court."
The Supreme Court of Florida in Bernhardt states:
"... Section 949.10, Florida Statutes, F.S.A., is neither vague nor indefinite but rather is sufficiently clear to give reasonable notice to a probationer or parolee as to what conduct will render them liable to its penalties ... Such criminal conduct as would give rise to probable cause for a felony arrest must be avoided. Implicit in the language of Section 949.10, to-wit: subsequent arrest on a felony charge is that the arrest be lawful in accordance with Chapter 901, Florida Statutes, based on probable cause that the probationer or parolee has committed a felony or on a warrant buttressed by a judicial determination of probable cause. Florida law *97 nowhere authorizes a mere arrest without probable cause."
* * * * * *
"The instant proceedings provided pursuant to Sections 949.10, 949.11, and 948.06 clearly accord with the mandates of Morrissey and Gagnon. As aforestated, prior to arrest for felony, probable cause that probationer has committed a felony must exist, and commission of a felony is clearly in violation of condition H of appellant's probation. The sole purpose of the preliminary hearing is to determine whether there is probable cause to believe that a probationer or parolee has violated the terms of his probation or parole."
Since, under the statute, the arrest on another felony charge is prima facie evidence of the violation of probation, a preliminary hearing is not essential for due process under the court probation revocation procedures in Florida. We agree with the following statement from Singletary v. State, Fla.App., 290 So.2d 116 in which the Court of Appeals, Fourth District, stated:
"Morrissey and Gagnon prescribe a minimal constitutional due process hearing for states that require no hearing before parole and probation is revoked and do not relate to Florida, which is recognized in Morrissey, Footnote 15, as being one of thirty states requiring hearings before revocation. Florida in arresting a probationer upon warrant issued by a judicial officer upon probable cause, supported by affidavit, has adopted a procedure similar to that provided by both the state and federal constitutions for the search and seizure and arrest of free unrestricted citizens. A probationer cannot be entitled to more. We hold that Florida's usual judicial warrant procedure is constitutionally equal or superior to the first `minimal inquiry' promulgated in Morrissey. Both are safeguards against the probationer being arbitrarily and unfairly deprived of his conditional liberty by arrest on unverified facts and confinement pending a revocation hearing. The Court in Morrissey insisted it had no thought to create a formal or inflexible structure for revocation procedures."
Affirmed.
SPECTOR, Acting C.J., and CHRISTIE, IRWIN G., Associate Judge, concur.