301 So.2d 464 (1974)
Robert WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. V-119.
District Court of Appeal of Florida, First District.
October 15, 1974.
Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant was placed on probation for a period of three years for the offense of possession of dangerous drugs. Thereafter a rule to show cause was served upon him following which a hearing was held which culminated in appellant's probation being revoked and a three year prison sentence being imposed. It is from the order revoking probation that appellant takes this appeal.
The only material point raised relates to the admissibility of hearsay testimony in revocation hearings.
The purpose and objective of a probation revocation hearing is to satisfy the conscience of the court as to whether the conditions of probation have been violated. (Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607) The statutory revocation procedures employed in Florida meet the requirements of due process. (Bernhardt v. State, Sup.Ct.Fla. 1974, 288 So.2d 490; Sarles v. State, Fla.App.1st 1974, 294 So.2d 95) However, procedures alone do not necessarily result in due process. The proceedings conducted pursuant to the statutory procedures must also meet due process standards.
Although it has been held that the admission of hearsay testimony is not reversible error, per se, in a probation revocation proceeding (see Hampton v. State, Fla.App.3rd 1973, 276 So.2d 497 and *465 Franklin v. State, Fla.App.2d 1969, 226 So.2d 461) we are acquainted with no case holding that hearsay testimony is properly admissible in such proceedings. It is not. While the admission of such testimony may constitute harmless error when other competent evidence has been adduced to support the revocation of probation, nevertheless hearsay testimony should not be admitted with impunity. While very broad discretion is accorded to the trial judge in determining whether probation has been violated, a judgment revoking probation may not be properly entered where there is no other evidence except hearsay testimony. (Hampton v. State, supra) In other words, in order for a revocation judgment to be sustained there must have been adduced at the hearing evidence meeting the customary requisites of admissibility, exclusive of hearsay or other evidence not generally admissible under our rules of admissibility. (Franklin v. State, supra) In the case sub judice the record reveals that in arguing the admissibility of hearsay evidence following objection of appellant's attorney, the State stated: "Your Honor, hearsay testimony is definitely permissible on probation violations." whereupon the trial judge ruled and said: "It's admissible." That ruling was in error.
Appellant was charged with violations of conditions (d) and (e) of his probation order, said conditions stating as follows:
"(d) Avoid injurious or vicious habits; avoid association with persons of harmful character or bad reputation.
"(e) In all respects live honorably, work diligently at a lawful occupation, and support dependents, if any, to the best of defendant's ability and live within what income is available."
The finding of the trial court that appellant had violated his probation was based entirely upon the testimony of one witness, J.R. Spicer, Vice Squad Detective of the Jacksonville Sheriff's Office. The only pertinent non-hearsay testimony of the detective in relation to condition (d) was that he observed one James Roweller leave a house on December 19, 1973; that he had previously arrested Roweller for possession of heroin and cocaine; that also there was a man staying at the house at one time who had a record and who had been arrested on a charge of drugs and stolen property. No admissible evidence was offered of convictions of these individuals  only hearsay testimony as to arrests. The foregoing testimony does not in any way link appellant to either of these individuals or prove that he violated condition (d) of his probation order. The missing link as to appellant's association with these individuals is supplied by hearsay. The detective testified that he was told the house was appellant's house. He also testified that he had information from reliable, confidential informers whom he could not reveal that appellant had been dealing in drugs over a period of time after he was placed on probation. As to condition (e), Detective Spicer testified that Officer D.W. Cook told him that he had arrested appellant for driving while intoxicated, reckless driving and possession of marijuana and implements.
While appellant may have violated his probation, the testimony presented by the state to prove it was legally insufficient. Certainly the state could have put on evidence other than hearsay. The court should have been given the benefit of the testimony of Officer Cook, the arresting officer, rather than the testimony of another officer as to what Officer Cook had told him.
It appearing that the only evidence supportive of the trial judge's finding that appellant had violated his probation was hearsay, we here, as in Turner v. State, Fla.App.1st 1974, 293 So.2d 771, reverse without prejudice to future proceedings consistent with the views expressed herein.
RAWLS, C.J., and McCORD, J., concur.