338 So.2d 573 (1976)
Thomas L. BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-351.
District Court of Appeal of Florida, Second District.
October 29, 1976.
Jack O. Johnson, Public Defender, and Paul J. Martin, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We set aside herein an order revoking appellant's probation imposed upon a conviction of breaking and entering with intent to commit petit larceny.
Pursuant to a plea bargain appellant pleaded guilty to the aforesaid charge and was given three years probation, a condition of which was that he served the first six months in the county stockade of Polk County. Upon his release from this six-month imprisonment he failed to report to his probation officer, as instructed, and he was subsequently arrested on an affidavit and warrant issued therefor. While under arrest pursuant to this warrant a new affidavit *574 of violation was filed charging him with being "arrested by the Lakeland Police Department and charged with burglary" in violation of condition (4) of the probation order relating to "living honorably."
At the revocation hearing the sole witness against appellant was his supervisor. He testified about appellant's failure to report upon his release from the first six months of imprisonment as aforesaid, and then testified that he was advised (by an unnamed adviser) that appellant had been subsequently arrested by the Lakeland Police and charged with burglary as alleged in the second affidavit of violation. No other evidence of such an arrest exists in the record and there is virtually no testimony or other evidence as to what, if anything, resulted from such an arrest even assuming there was one. While appellant was present he did not testify with respect to such arrest nor was he asked about it by anyone. At the conclusion of the hearing the court immediately revoked appellant's probation, expressly finding a violation of condition (4) thereof in that he "was arrested by the Lakeland Police Department and charged with burglary." The court made no findings with respect to the charge of failure to report.
While it has been held, as the state submits, that because of the relative informality of revocation of probation proceedings the hearsay rule will be relaxed, it appears well settled nevertheless that revocation of probation cannot be based solely on hearsay. White v. State, 301 So.2d 464 (Fla.4th DCA 1974); Hampton v. State, 276 So.2d 497 (Fla.3d DCA 1973); Franklin v. State, 226 So.2d 461 (Fla.2d DCA 1969); McNeely v. State, 186 So.2d 520 (Fla.2d DCA 1966). Here, the order of revocation was predicated on the burglary arrest, the only evidence of which was the hearsay statement of the probation supervisor. Moreover, even if appellant were arrested and charged with burglary such fact is of itself no evidence of his guilt of burglary or of any other dishonorable act.[1]
Accordingly, the evidence was insufficient to support an order of revocation of probation predicated on a Lakeland burglary arrest; and, in any case, the order relating thereto was premature as not abiding the outcome thereof, again assuming there was one, or without there having been otherwise sufficiently established that appellant was indeed guilty of some dishonorable conduct related to a burglary.
The order appealed from, therefore, should be, and it is hereby, reversed.
McNULTY, C.J., and HOBSON and SCHEB, JJ., concur.
NOTES
[1] While § 949.10, Fla. Stat., provides that a subsequent arrest on a felony charge shall be prima facie evidence of the violation of the terms and conditions of probation, the purpose of this statute is only to authorize temporary revocation and retention in custody pending a hearing. Crum v. State, 286 So.2d 268 (Fla.4th DCA 1973).