338 So.2d 1335 (1976)
Bob TUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 76-708.
District Court of Appeal of Florida, Second District.
November 17, 1976.
Jack O. Johnson, Public Defender, Bartow, and A. Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant was placed on probation for breaking and entering with intent to commit a felony in violation of Section 810.02, Florida Statutes (1973). During the probation period, an affidavit and warrant were issued which accused the appellant of the following:
Violating Condition (B) of the Order of Probation which reads, "Not later than the fifth day of each month, until the defendant's release, make a full and truthful report to the defendant's Probation Supervisor on the form provided for *1336 the purpose, or as otherwise directed by the supervisor." to-wit: In that the aforesaid has failed to submit the necessary written monthly reports for the months of October, November, and December, 1975.
Violating Condition (H) of the Order of Probation which reads, "Live and remain at liberty without violating law." to-wit: In that on 1-13-76, the aforesaid was arrested by Detective H.E. Wareham and J. Lorenz of the Hillsborough County Sheriff's Department, for the offense of Breaking and Entering an Auto and Resisting Arrest with Violence.
A probation revocation hearing was held. At the hearing, appellant pled guilty to failing to file monthly reports as required by Condition (B). He pled not guilty to the other charge. The only evidence that appellant violated Condition (H) was contained in an unidentified report which gave an account of the arrest incident on which the second probation violation charge was based. The trial judge read the report and recited a summary of its contents at the hearing.
Upon finding the appellant violated both Conditions (B) and (H), the trial judge revoked the appellant's probation and sentenced him to fifteen years imprisonment.
Appellant contends that it was error for the trial court to revoke the probation on a finding of a violation of Condition (H) because the only evidence introduced on that charge was an unidentified report which was hearsay. We agree. A revocation of probation may not be based solely on hearsay. Brown v. State, 338 So.2d 573 (Fla.2d DCA 1976); Franklin v. State, 226 So.2d 461 (Fla.2d DCA 1969); McNeely v. State, 186 So.2d 520 (Fla.2d DCA 1966).
While it is undisputed that appellant violated the terms of his probation by failing to file monthly reports, we are uncertain whether the trial court would have revoked probation and imposed the sentence it did solely on that ground. Accordingly, the order of revocation is reversed and the cause is remanded to the trial court for further proceedings. Since reversal of an order of revocation of probation, on the ground that it was based solely on hearsay, does not bar a second revocation hearing based on the filing of another affidavit alleging the same violation, Robbins v. State, 318 So.2d 472 (Fla.4th DCA 1975); White v. State, 301 So.2d 464 (Fla.1st DCA 1974); Hampton v. State, 276 So.2d 497 (Fla.3d DCA 1973), this proceeding may include a second hearing on revocation based upon violation of Condition (H). Should the state elect not to file a new affidavit, then the trial judge must determine whether probation should be revoked on the basis of appellant's admitted violation of Condition (B); and if so, the trial court shall then impose sentence on appellant.
Reversed and remanded.
BOARDMAN, A.C.J., and GRIMES, J., concur.