341 So.2d 285 (1977)
Clifford COUCH, Appellant,
v.
STATE of Florida, Appellee.
No. 76-48.
District Court of Appeal of Florida, Second District.
January 19, 1977.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Asst. Public Defender, Bartow, for appellant.
*286 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Clifford Couch appeals from the revocation of his probation. Appellant was placed on probation after pleading guilty to possession of marijuana. He was subsequently charged with violating various conditions of the probation. A hearing was held on the violations.
The trial court found that appellant had violated the conditions of probation. The court revoked probation and sentenced appellant to two years.
Appellant contends that the trial court erred in revoking probation where the only evidence of violations was hearsay. After examining the record on appeal, we agree that the revocation was based solely upon hearsay evidence and must be reversed.
A probation revocation proceeding is a relatively informal proceeding and hearsay evidence may be received and considered provided some competent and legally admissible evidence is presented upon which the trial judge can base his decision. A revocation cannot be based solely on hearsay. Tuff v. State, 338 So.2d 1335 (Fla.2d DCA 1976); Brown v. State, 338 So.2d 573 (Fla.2d DCA 1976). Cf. Bernhardt v. State, 288 So.2d 490 (Fla. 1974).
This reversal does not bar a second revocation hearing based upon another affidavit charging the same violations and competent evidence. See Tuff v. State, supra.
REVERSED.
HOBSON, Acting C.J., and GRIMES, J., concur.