PER CURIAM.
We set aside herein an order revoking appellant’s probation.
Appellant pleaded guilty to a charge of felonious possession of cannabis and was placed on probation for five years by an order entered November 17, 1976. A special condition of the probation was that appellant enroll in the Serenity House Program, a drug rehabilitation program.
On December 3, 1976, appellant’s probation supervisor filed an affidavit of violation of probation which charged appellant with:
“Violation of Condition 1 which states that you will not change your residence without first procuring the consent of your probation supervisor, in that:
On 11/28/76, the subject did leave his residence at Serenity House as told this affiant by house manager Ernie Gert-ner.
Violation of Special Condition 9 which states that the defendant will enroll in the Serenity House Drug Rehabilitation Program, in that:
Subject voluntarily left the program on 11/28/76, as told this affiant by Ernie Gertner — house manager of Serenity House.” (Emphasis supplied.)
A warrant was issued for the arrest of appellant for the aforesaid violations of the conditions of probation, and appellant was subsequently arrested. At the revocation hearing held January 3, 1977, the sole witness against appellant was his probation supervisor whose testimony consisted merely of a reiteration of the information set forth in his affidavit as quoted above, e. g., the house manager of Serenity House, Ernie Gertner, told the witness that appellant left his residence at Serenity House and the program on November 28, 1976.
Thereupon, the trial court revoked appellant’s probation1 and sentenced him to five years imprisonment. This was error.
It is well settled that revocation of probation cannot be based solely on hearsay. Brown v. State, 338 So.2d 573 (Fla.2d DCA 1976); White v. State, 301 So.2d 464 (Fla.3d DCA 1974). Here, the only evidence to support the order of revocation of probation was the hearsay statements of the probation supervisor and, as such, is insufficient.
*413 In view whereof, the order appealed from and the judgment and sentence entered thereon should be, and they are hereby, reversed.
HOBSON, Acting C. J., and McNULTY and SCHEB, JJ., concur.