348 So.2d 942 (1977)
Anthony Terry JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1322.
District Court of Appeal of Florida, Second District.
August 17, 1977.
*943 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from an order revoking probation and imposing a five-year prison term.
Appellant was charged with violating two conditions of his probation. The more serious charge pertained to violating the condition of his probation that he "remain at liberty without violating the law" by committing a burglary while armed. He was also charged with having violated the condition of his probation that he "not use intoxicants to excess; nor ... visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, disbursed or used" in that appellant admitted having smoked marijuana. Appellant's probation supervisor was the only witness who testified at the evidentiary hearing on these charges.
The only evidence directed toward the commission of a burglary was the testimony that the witness had received a phone call from the Tampa Police Department informing him that appellant was arrested on such a charge. This evidence did not provide a basis for revoking appellant's probation for two reasons. First, a probation revocation cannot be predicated solely upon hearsay evidence. Couch v. State, 341 So.2d 285 (Fla. 2d DCA 1977); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976). Furthermore, the mere proof that a probationer has been arrested for an offense, the commission of which would be a probation violation, is insufficient, by itself, to support a revocation. Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973); Brown v. State, supra.
The proof of appellant's violation of the other condition consisted of the supervisor testifying that appellant had told him that he had smoked marijuana shortly before his arrest. While smoking marijuana is a crime and testimony of appellant's admission would not constitute hearsay, the fact remains that appellant was charged with violating the condition that he should not use intoxicants to excess and should not visit places where intoxicants, drugs or dangerous substances are unlawfully used. The evidence failed to show that appellant violated this condition. The suggestion that appellant had to be some place when he smoked the marijuana and, therefore, this was a place where drugs were being unlawfully used is unconvincing. The conduct established by appellant's admission does not appear to be that which is intended to be proscribed by the condition which he was charged with violating. Furthermore, it is obvious that the revocation of appellant's probation and the imposition of a five-year prison sentence was predicated primarily upon the finding that appellant had committed a burglary. Cf. Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
The order of the trial court revoking appellant's probation is reversed, and the case is remanded for further proceedings consistent herewith, including another revocation hearing should a new affidavit be filed. See Tuff v. State, supra.
McNULTY, A.C.J., and OTT, J., concur.