356 So.2d 1355 (1978)
Michael EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. HH-423.
District Court of Appeal of Florida, First District.
April 7, 1978.
*1356 David Ackerman, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of an order of revocation of probation urging the evidence was insufficient to find a violation of probation had occurred.
On April 27, 1976, appellant was adjudged guilty of burglary and was sentenced to seven years imprisonment. After having served one year of said term in the county jail, appellant was to be placed on probation for six years. Appellant was also adjudicated guilty of several additional felony charges and was placed on five years probation, such probation to run concurrently with the six year probation.
During the periods of probation, affidavits of violation of probation were filed alleging that appellant violated Condition 4 of his probation ("You will live and remain at liberty without violating any law") in that (a) he committed an aggravated battery upon William Gregory on July 1, 1977, and (b) he committed a robbery of William Gregory on July 1, 1977. After a hearing on the violations, appellant was adjudged guilty of violations of probation and his probations were revoked. Appellant was sentenced to five years imprisonment for burglary with credit for sixty-two days jail time. Appellant was sentenced to five years imprisonment with credit for sixty days on each additional count, such sentences to run concurrently with each other and with the sentence imposed for the burglary.
We believe there was sufficient evidence presented to establish that appellant violated the terms of his probation. Police Officer Leath testified that after he was informed by witnesses that Mr. Gregory had been hit and money taken from him by a described suspect, he located appellant and arrested him for the offenses. Appellant objected to this testimony as hearsay. Leath stated that after he advised appellant of his Miranda rights, appellant admitted that he took some money from Mr. Gregory. Appellant's probation officer testified that when questioned about the alleged robbery, appellant admitted he had taken money from Mr. Gregory but denied hitting the man. Appellant's objection that this testimony was inadmissible because appellant had not been given his Miranda rights was overruled. Appellant testified in his own behalf and admitted taking some money from Mr. Gregory.
Although we agree that a revocation of probation should not be based solely on hearsay evidence, there was sufficient corroborative non-hearsay evidence herein to support the revocation. White v. State, 301 So.2d 464 (Fla. 1st DCA 1974); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976); Couch v. State, 341 So.2d 285 (Fla. 2d DCA 1977); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977).
We do not believe the failure of a probation officer to advise probationer of his Miranda rights prior to his admission of a violation of his probation renders the admission inadmissible at the revocation hearing. Jones v. State, 321 So.2d 574 (Fla. 2d *1357 DCA 1975). Although State v. Heath, 343 So.2d 13 (Fla. 1977), holds that a probationer retains his privilege against self-incrimination in regard to specific conduct and circumstances concerning a separate criminal offense, we are unaware of any decisions finding the exclusionary rule is applicable in a revocation hearing. Moreover, appellant does not deny his admission nor does he attack its voluntariness. United States v. Johnson, 455 F.2d 932 (5th Cir.1972), cert. den., 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). In addition, the testimony of the probation officer was only cumulative to that of Police Officer Leath.
There was sufficient competent evidence to find a violation of probation. At the close of the revocation hearing, the court announced the evidence supported a finding that appellant had violated his probation by the commission of a larceny of William Gregory, a necessarily included offense of the offense alleged, robbery. The written order of revocation recites that both alleged violations had been established. Since the order enlarged the announced findings, the order of revocation is REMANDED for corrections to conform with the findings announced at the hearing.
Furthermore, the sentences are erroneous in that appellant was not given credit for the jail time previously served as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976). The case is thus remanded for proper sentencing. Appellant need not be present for this purpose.
MILLS, Acting C.J., and ERVIN and BOOTH, JJ., concur.