PER CURIAM.
By these consolidated appeals, the appellant seeks review of an order of the trial court revoking his probation and sentencing him to five years. The second order appealed was a final judgment, which found the appellant guilty of a dwelling and sentenced him to fifteen years.
The appellant alleges error in the probation. revocation hearing, in that the trial judge permitted the State to introduce evidence to establish that the appellant was arrested for several burglaries when the State failed to prove all of them occurred, and which the trial judge took into consideration in entering the order appealed. The point would appear to be without merit, as the State did introduce evidence of one burglary and an attempted burglary committed by the appellant. Thus, this point should be affirmed on the authority of Randolph v. State, 292 So.2d 374 (Fla. 3d DCA 1974); Croteau v. State, 334 So.2d 577 (Fla.1976); Couch v. State, 341 So.2d 285 (Fla. 2d DCA 1977).
The second point is directed at the final judgment, convicting the appellant of burglary. The appellant alleges it was error for the trial court to refuse to let the appellant testify that some police officers attempted to coerce him to plead guilty, where such testimony would establish bias of the State’s key witness: the arresting officer. The only questions asked in this regard were whether anyone from the police had threatened the defendant. Objection thereto was sustained and no proffer was made to establish that person was in fact the arresting officer. Thus, it would appear the testimony was immaterial, irrelevant, hearsay, and would at most be harmless error for failure to permit it into evidence. Thus, the conviction and sentence should be affirmed on the authority of Haager v. State, 83 Fla. 41, 90 So. 812 (1922); Matthews v. State, 130 Fla. 53, 177 So. 321 (1937); Section 924.33, Florida Statutes (1977).
Therefore, the order revoking probation and the final judgment adjudicating the appellant guilty of burglary be and the same are hereby affirmed.
Affirmed.