378 So.2d 108 (1980)
John JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-488/T4-67.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
*109 Richard L. Jorandby, Public Defender, Denise Banjavic, Legal Intern, and Tatjana Ostapoff, Asst. Public Defender, Chief, App. Div., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
The defendant John Johnson, was placed on seven years probation in March, 1971 after pleading guilty to attempted robbery. In January, 1974 he was declared incompetent and committed to a state hospital. He escaped and went to Pennsylvania for some three years. He was returned to Florida in May, 1977, and declared competent in June.
At a probation revocation hearing held on January 30, 1978, the trial court revoked defendant's probation for violation of two conditions: condition (a) required that defendant not change residence or leave the county of residence without the consent of the probation supervisor; condition (c) proscribed use of narcotic drugs by the defendant.
In regard to condition (a), we find the evidence adduced at the hearing insufficient to establish the requisite element of willfulness in view of the undisputed fact that defendant fled from the hospital while under an adjudication of incompetency. No evidence was presented to the trial court to rebut the presumption that this incompetency in fact continued until the restoration proceeding in June, 1977. This was insufficient to establish willfulness. See Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978).
The determination by the trial court that defendant violated condition (c) is another matter. This was based on the testimony of the probation supervisor that in a conversation with defendant in December, 1973, at which time the defendant presumably was mentally competent (and no evidence was offered at the hearing to indicate otherwise), the latter admitted to him to the use of heroin subsequent to the imposition of probation in March, 1971. The defendant denied making this admission against interest, but the trial judge was at liberty to believe that he did. The defendant contends an admission against interest is hearsay which, standing alone, cannot suffice as proof of violation of a condition of probation, relying on Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977) and White v. State, 301 So.2d 464 (Fla. 1st DCA 1974). Contrary to this contention, a defendant's admission, as opposed to statements by third parties, is not hearsay. Robinson v. Pepper, 94 Fla. 1184, 116 So. 4 (1928) and Jones, supra.
Consequently, we affirm the finding of the trial court that defendant violated condition (c) and reverse its finding that condition (a) was violated, and this cause is remanded to the trial court for resentencing. See Cohen v. State, 365 So.2d 1052 (Fla. 4th DCA 1978).
AFFIRMED IN PART AND REVERSED IN PART. REVERSED WITH DIRECTIONS.
DAUKSCH, C.J., and SHARP, J., concur.