ORFINGER, Judge.
Appellant was placed on probation for five years after conviction of a charge of burglary of a dwelling. One of the conditions of probation was that he serve fifty one weeks in the county jail. Appellant was charged with escaping from custody, and after a revocation hearing, the trial court found that he had violated the probation order by escaping, and restored him to the original term of probation on condition that he serve three years in prison.
Appellant contends that there was insufficient evidence to sustain the finding of probation violation and that a three-year *36 prison term is not a valid condition of probation. His first point is not well taken, but the second point has merit.
The argument that there was insufficient evidence to sustain the finding of probation violation is based solely on the fact that the only evidence presented to the trial court at the revocation hearing was that of the probation supervisor who testified to appellant’s custody, and then to his admission of escape. Appellant says that his admission is hearsay, thus insufficient by itself to sustain the finding. This court has previously decided that issue contrary to appellant’s position. In Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980), we held that an admission against interest by a defendant is not hearsay. There was sufficient evidence, coupled with defendant’s admissions to give appellant his day in court on the question of violation of the condition of probation. McNeely v. State, 186 So.2d 520 (Fla.2d DCA 1966).
The imposition of a long prison term as a condition of probation has evoked considerable criticism and much comment,[1] and the question now seems to be settled by the recent Supreme Court opinion in Villery v. The Florida Parole and Probation Commission, No. 57,935 (Fla. October 30, 1980). A term of imprisonment as a condition of probation while permissible, • should be rehabilitative and not punitive, and it should not have the effect of negating the parole policy of the State. The maximum period of incarceration which may be imposed as a condition of probation is up to, but not including, one year. Villery, supra.
The judgment of conviction for violation of probation is affirmed. The modification of probation which imposes the three-year prison term as a condition of continued probation is reversed and the cause is remanded to the trial court for re-sentencing. In so doing, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the appellant on probation.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH, C. J., and SHARP, J., concur.

. Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979); Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979); Freeman v. State, 329 So.2d 413 (Fla. 4th DCA 1976).