397 So.2d 746 (1981)
Marvin Dewitt PURVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-646.
District Court of Appeal of Florida, Fifth District.
April 29, 1981.
*747 James B. Gibson, Public Defender, and Ronald K. Zimmet, Chief, Appellate Division, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The only evidence presented to the trial court in support of the charge that appellant had violated the condition of his probation that he "live and remain at liberty without violating any law," was hearsay. Although the rules of evidence are relaxed at probation violation hearings and hearsay evidence may be introduced, a finding of probation violation cannot be sustained on hearsay evidence alone. Combs v. State, 351 So.2d 1103 (Fla.4th DCA 1977); Wheeler v. State, 344 So.2d 630 (Fla.2d DCA 1977). Evidence of probationer's arrest, without more, will not support a revocation of probation. Brown v. State, 338 So.2d 573 (Fla.2d DCA 1976).
The order revoking appellant's probation is vacated and set aside. The judgment and sentence based on the order revoking probation is similarly vacated and set aside. In so doing, we express no opinion on the merits of the underlying charge for which appellant was arrested and on which the probation violation hearing was based.
Order and judgment vacated.
DAUKSCH, C.J., and COBB, J., concur.