406 So.2d 121 (1981)
Herbert Lee TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1053.
District Court of Appeal of Florida, Second District.
November 25, 1981.
*122 Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant seeks review of an order revoking his probation based upon three violations. The violations of condition (1), filing monthly reports, and condition (2), paying supervision costs, are set aside because the only evidence of those violations at the revocation hearing was hearsay. Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977).
Nevertheless, we decline to set aside the revocation of probation pursuant to Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). Here, it is evident from the record that the judge would have revoked probation based solely upon the substantive violation of appellant's commission of burglary which is amply supported by the evidence. Jones v. State.
Accordingly, the violations of condition (1) and condition (2) are stricken from the order of revocation of probation. In all other respects the order is affirmed.
SCHEB, C.J., and GRIMES and CAMPBELL, JJ., concur.