423 So.2d 513 (1982)
Jillette JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1463.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
James B. Gibson, Public Defender, and Michael B. Jones, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Jones argues there was not sufficient evidence to sustain the trial court's judgment that he violated a condition of his probation by committing a sexual battery, kidnapping and robbery. We disagree and affirm.
At Jones' probation revocation hearing, the evidence of his complicity in the sexual battery, kidnapping and robbery was primarily hearsay. However, some of the "hearsay" presented at this hearing consisted of Jones' own statements which established his involvement in the crimes.[1] Under the Evidence Code, sections 90.802 and 90.803, Florida Statutes (1981), admissions or declarations against interest are now labeled as "hearsay exceptions."
It is well established, as Jones points out, that a revocation of probation cannot be based on hearsay testimony alone.[2] But *514 we cannot find any case which has so held where the defendant's own admissions were used in evidence against him. Prior to the effective date of the Evidence Code in Florida, this court sustained the revocation of a defendant's probation when the evidence establishing the probation violation was the defendant's own admission made to his supervisor. Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980). In that case we said the defendant's admission was not hearsay, citing Robinson v. Pepper, 94 (Fla. 1184, 116 So. 4 (1928).
In Webb v. State, 392 So.2d 35 (Fla. 5th DCA 1980), this court also sustained the revocation of a defendant's probation where the testimony offered in proof was the defendant's own admission. This court did not expressly consider the effect of the Evidence Code's definition of admissions as "hearsay" in Webb, although the Code was applicable to that case.
The rule requiring more than mere hearsay to sustain an order revoking a defendant's probation was developed long before the effective date of the Evidence Code, and there is no indication that the Code's mere labeling of "admissions" as "hearsay" was intended to have the result argued for by Jones in this case. In White v. State, 301 So.2d 464 (Fla. 1st DCA 1974), the court stated the rule as follows:
In other words, in order for a revocation judgment to be sustained there must have been adduced at the hearing evidence meeting the customary requisites of admissibility, exclusive of hearsay or other evidences not generally admissible under our rules of admissibility. (Emphasis supplied).
Id. at 465.
As demonstrated by Johnson and Webb, evidence which was admissible as an exception to the hearsay rule and which was valid substantive evidence, was always sufficient to sustain the revocation of a probation order.[3] We think this principle continues to apply, even though such evidence may now be labeled a "hearsay exception" under the Evidence Code. Accordingly, the probation revocation judgment in this case is
AFFIRMED.
ORFINGER, C.J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
The evidence which was used to support the order revoking appellant's probation was entirely hearsay evidence and a very equivocal "confession" to a deputy sheriff. There was no direct testimony from any witness to the crime; only a recapitulation by sheriff's deputies about what the victim had said occurred and what statement the appellant had made during custodial interrogation. In my opinion this quality and quantity of evidence does not meet the standard of proof required by due process to support a felony conviction and a fifteen year prison sentence. I would reverse and remand for a proper, substantial hearing. Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977); Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977).
NOTES
[1] For example, the deputy testified that Jones told him the alleged rape victim "wanted to do it." He also told the deputy where the victim's stolen wristwatch was hidden, and he said Patrick Bryant was with him when the crimes took place.
[2] See Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981) [Revocation apparently based solely on fact of arrest]; Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980) [Probation officer's testimony about what appellant's employer had said]; Curry v. State, 379 So.2d 140 (Fla. 4th DCA 1980) [Revocation improper when based solely on third person hearsay reports of conduct]; Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977) [Only evidence of violation was police officer's testimony regarding what a co-defendant had said]; Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977) [Only evidence of violation was supervisor's statement that he had been informed of appellant's arrest]; Wright v. State, 348 So.2d 412 (Fla. 2d DCA 1977) [Only evidence of violation of probation was supervisor's statement regarding what someone had told him]; Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976) [Only evidence in violation of probation was contained in an unidentified written report]; Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976) [Probation improperly revoked solely on supervisor's statement that he had been advised by unnamed advisor that appellant had been arrested and charged with burglary]; Turner v. State, 293 So.2d 771 (Fla. 1st DCA 1974) [Only witness's testimony was based on what he had been told by a third person]; Hampton v. State, 276 So.2d 497 (Fla. 3d DCA 1973) [Nature of hearsay unknown]; Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969) [Hearsay that appellant, a minor, purchased alcoholic beverages with a fraudulent I.D. card].
[3] Cf. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).