445 So.2d 1149 (1984)
Margaret MEYER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1830.
District Court of Appeal of Florida, Second District.
March 7, 1984.
*1150 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Margaret Meyer appeals a final judgment and sentence imposed upon her after entry of an order revoking her probation. We affirm and remand.
Meyer, who was insolvent below, initially contends on appeal that the state failed to prove at her probation revocation hearing that she had the financial ability to satisfy conditions (2) and (9) of her probation which required, respectively, that she pay the state $10 per month toward the costs of supervision and $34.80 for the costs of prosecution. In particular, she asserts that the only evidence which the state produced at the hearing in this regard came in the form of hearsay evidence.
We recognize that a probation revocation order may not be based solely upon hearsay evidence. See, e.g., Terry v. State, 406 So.2d 121 (Fla. 2d DCA 1981); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976); Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969); Scott v. State, 406 So.2d 100 (Fla. 3d DCA 1981). However, a review of the hearing transcript shows that, although Meyer objected to the majority of hearsay evidence adduced at the hearing by the state, she did not object to her probation officer's hearsay testimony that she had "interest checks coming from up North." Regardless, it cannot be said that the court below relied solely upon hearsay evidence in revoking Meyer's probation because Meyer testified herself at the hearing that she owned stock in a corporation.
Meyer's other argument on appeal, one with which the state does not quarrel, concerns the trial court's failure to list on the written probation revocation order the conditions of probation which it found that she violated. A study of the hearing transcript shows that the court apparently determined that she violated not only conditions (2) and (9), but also condition (8), which required that she comply with all instructions given to her by her probation officer. The court expressly declined to find that she violated condition (5), which mandated that she live and remain at liberty without violating any law.
Accordingly, we remand with directions that the trial court inscribe upon the written probation revocation order the conditions which it found that Meyer violated. We affirm the judgment and sentence because the court properly revoked her probation.
AFFIRMED and REMANDED.
RYDER and LEHAN, JJ., concur.