597 So.2d 943 (1992)
Patrick CHAVOUS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02795.
District Court of Appeal of Florida, Second District.
April 29, 1992.
Raymond E. LaPorte, Tampa, for appellant.
*944 Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Patrick Chavous appeals the final judgment and sentence revoking his probation and adjudicating him guilty of trafficking in cocaine. The sole issue raised on appeal is whether the probation officer's hearsay testimony supporting the admission of a laboratory report relating to an analysis of probationer's urine sample was alone sufficient to establish violation of a condition of probation. We reverse.
At the revocation hearing, the trial court allowed the state to introduce over Chavous' objection a urinalysis report from the National Health Laboratories. The state's sole witness, appellant's probation officer, testified that representatives from the laboratory pick up the specimens, analyze them and return the reports to the probation office. She was not familiar with the laboratory's testing procedures. Because the probation office does not maintain such a record in its regular course of business, it is not admissible under the business records exception. Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990).
It is well settled that hearsay is admissible in probation revocation proceedings, but cannot be the sole basis for revocation. Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991); Meyer v. State, 445 So.2d 1149 (Fla. 2d DCA 1984); Terry v. State, 406 So.2d 121 (Fla. 2d DCA 1981); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). In the case sub judice, there was no evidence of appellant's probation violation other than the urinalysis report. Thus, there being nothing further before the trial court on which to base an order revoking Chavous' probation, the court erred in doing so and, thus, we must reverse and set aside the order revoking probation. We note, in passing, that we are pleased that the state in its brief acknowledged the merit of the appeal.
However, reversal of an order revoking probation on the ground it was based solely on hearsay does not ordinarily bar a second revocation hearing based on the filing of another affidavit alleging the same violation. McCarrick v. State, 553 So.2d 1373 (Fla. 2d DCA 1989); Tuff. Because the underlying probationary period will not expire until November 1992, the state may again attempt to prove a violation.
Reversed.
THREADGILL and ALTENBERND, JJ., concur.