PER CURIAM.
David Davis challenges the order revoking his probation and the resulting judgment entered following a nonjury trial. Davis argues' that there was insufficient competent evidence that he violated his probation by committing the crimes charged in the amended affidavit of violation of probation filed. We disagree and affirm. See Jones v. State, 423 So.2d 513, 514 (Fla. 5th DCA 1982) (concluding that defendant’s own admissions to committing the crimes charged, together with other hearsay evidence, was sufficient to sustain revocation of probation order).
However, wé find it necessary to remand this case to correct three ministerial or scrivener’s errors in the order and judgment. First, the written order revoking probation does not set forth the specific condition or conditions of probation violated; so we remand for entry of a proper order. See Perez v. State, 958 So.2d 1076, 1076 (Fla. 5th DCA 2007). Second, the revocation order and the judgment list count III, receiving money from a pawn broker by false verification or identification, as a second-degree felony, when it was charged as a third-degree felony.[1] Third, the correct statutory citation for counts III and V is section 539.001(8)(b)8.a., Florida Statutes.
AFFIRMED and REMANDED with directions.[2]
PALMER, TORPY, and LAMBERT, JJ., concur.

. § 539.001(8)(b)8.a., Fla. Stat. (2011).

. Additionally, we note that while Davis was on probation on five counts and was sen *977 tenced to prison on each of these counts after the court revoked his probation, the judgment in our record appears only to address counts III and V. On remand, the trial court, if it did not previously enter judgment on counts I, II, and IV, is directed to do so.