PER CURIAM.
Kenny Alston appeals an order revoking community control. We affirm, as modified.
The trial court revoked defendant’s community control, finding that he violated two community control conditions: 1) using intoxicants to excess and 2) failing to work diligently. As to the first condition, the state presented evidence that defendant tested positive for cocaine use. To demonstrate a violation of the second condition, the community control officer testified that on one occasion he observed defendant standing at a street corner on a day when his log sheet indicated he should have been at work. Defendant testified that he stopped and spoke to acquaintances for a brief time when he was attempting to find his employer on the day the community control officer saw him. Defendant’s employer, a contractor, testified that defendant has been performing satisfactory work for 1 ½ years.
Regarding the first condition, defendant asserts that the positive cocaine test does not prove the type of conduct the “excessive use of intoxicants” condition is intended to proscribe. We disagree. The evidence of defendant’s cocaine use was sufficient to satisfy the conscience of the court that defendant violated the first condition.[1] See Scott v. State, 524 So.2d 1148 (Fla. 3d DCA 1988).
As to the second condition, however, the greater weight of the evidence fails to establish that defendant wilfully violated the condition requiring him to work diligently. The evidence that, on one occasion, the community control officer observed him standing at a street corner for a few minutes during work hours does not support a finding that defendant wilfully failed to go to work that day. There was no evidence that defendant’s unsuccessful attempts to locate his employer on that date did not occur. Chatman v. State, 365 So.2d 789, 790 (Fla. 4th DCA 1978) (Schwartz, A. J.) (‘While Chatman’s work record may not have been bee-like, the state, ... did not, as was required, establish that the probationer had willfully and not ‘without fault’ failed to maintain employment.”); cf. Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985).
Accordingly, we affirm the order as to the first condition and strike the finding that defendant violated the second condition. Scherer v. State, 366 So.2d 840 (Fla. 2d DCA 1979).
Affirmed, as modified.
NESBITT and BASKIN, JJ., concur.

. Cocaine is considered an intoxicant in probation violation cases. See Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991); Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990). The dissent’s reliance on the limited definition of "intoxication” in Black's Law Dictionary 957 (rev. 4th ed. 1968) is misplaced. That definition has been deleted from the latest edition of Black’s Law Dictionary 822 (6th ed. 1990). In any event, this court has not limited its definition of intoxicant use to alcohol ingestion. E.g. Scott, 524 So.2d at 1148 (evidence sufficient to revoke defendant's probation for excessive intoxicant use where officer observed defendant staggering down street inhaling automobile transmission fluid).