646 So.2d 184 (1994)
Kenny ALSTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 82571.
Supreme Court of Florida.
November 3, 1994.
Bennett H. Brummer, Public Defender, and Valerie Jonas and Louis Campbell, Asst. Public Defenders, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., Miami, for respondent.
WELLS, Justice.
We have for review Alston v. State, 623 So.2d 1226 (Fla.3d DCA 1993), which expressly and directly conflicts with the opinion in Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Several weeks after Alston received a community control sentence, a community control officer observed him standing on a street corner on a day that his log sheet indicated he should have been working. The officer required Alston to report to the probation office, where he was subjected to a drug test. Alston tested positive for cocaine use and, subsequently, was charged with violating several community control conditions.
The trial court found that Alston violated the community control conditions requiring that he work diligently and that he not use intoxicants to excess. Accordingly, the court revoked his community control and sentenced him to five years in prison. The district court struck the finding that Alston failed to work diligently but held that the positive drug test sufficiently demonstrated that Alston violated the remaining condition. In reaching this conclusion, the court also noted that cocaine constitutes an intoxicant for purposes of probation violation cases.
We agree with the district court's conclusion that cocaine is an intoxicant for purposes of the excessive-use condition. Alston asserts that the term "intoxicant" as used in the condition only applies to alcohol, but this interpretation ignores the modern trend to categorize both drugs and alcohol as intoxicants. Additionally, Alston's interpretation fails to account for past decisions that *185 have classified cocaine,[1] marijuana,[2] and even transmission fluid[3] as intoxicants within the meaning of this condition.
Alston, however, correctly asserts that his use of cocaine, as evidenced by a single drug test, did not violate the community control condition requiring him to refrain from using intoxicants to excess. The plain language of the condition indicates that only "excessive" use of an intoxicant is prohibited. We do not believe a single positive drug test, without more, is sufficient evidence to find a violation of this particular community control condition. Rather, this case requires a result consistent with Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977), because the conduct established does not appear to be that which the excessive use condition was intended to proscribe.
We do note, however, that a positive drug test for cocaine violates the community control condition which directs that the person live without violating the law. Consequently, our holding would not preclude the State from initiating a new revocation proceeding with a proper charge prior to the expiration of Alston's community control sentence.
Accordingly, we quash the district court's decision to the extent it is inconsistent with this opinion and remand for further proceedings consistent with our views here.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991) (requiring resentencing for community control violation because drug test showing cocaine use did not fall within the business records hearsay exception and no other direct evidence of cocaine use existed).
[2] Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990) (reinstating probation because the trial court did not make an express oral finding that the appellant used cocaine and because the trial court orally found appellant violated probation by smoking marijuana, although the charging affidavit did not allege that appellant smoked marijuana).
[3] Scott v. State, 524 So.2d 1148 (Fla. 3d DCA 1988) (affirming revocation of probation based on defendant's use of intoxicants to excess where police officer observed appellant staggering down street, inhaling automobile transmission fluid).