CAMPBELL, Judge.
Appellant challenges the trial court’s revocation of his community control, arguing that there was insufficient evidence to support it. He was found to have violated two conditions of his community control: using intoxicants to excess and failing to be in his approved residence. The trial court found appellant had violated both and, accordingly, revoked his community control. Appellant claims that the state failed to prove wilful and substantial violations. The state agrees that the intoxicant violation was not sufficiently shown, but maintains that since the other condition was established and it is not clear whether the court would have revoked based on that violation alone, the case must be reversed and remanded for new proceedings. We agree.
The first violation, using intoxicants to excess, was not shown since evidence of one positive drug test does not amount to excessive use. See Alston v. State, 646 So.2d 184 (Fla.1994). Although appellant admitted to the community control officer that he had smoked marijuana once, this singular use does not establish excessive use. See Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977).
We note parenthetically that condition seven, the intoxicant condition that appellant was charged with violating, recently overcame a constitutional vagueness challenge in Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997). However, since appellant’s charged violation of condition seven was limited to the “excessive use” prohibition contained in that condition, we are not at liberty to find a violation of the remaining prohibitions contained in condition seven. Accordingly, our analysis must end at “excessive use.”
The second violation with which appellant was charged, that he was not at his approved residence when he was supposed to be there, was established by the community control officer’s testimony that the electronic monitoring equipment showed that appellant had not returned to his residence within an hour and a half after he left the community control office. Appellant stated that he went to see his public defender and that he knew he was not supposed to do that. Appellant’s girlfriend testified that appellant waited while she went to see her public defender, which he was also not allowed to do. The evidence showed a wilful and substantial violation.
Given the fact that the first violation was not sufficiently shown and that we have no way of knowing whether the court would have revoked appellant’s community control based on the second violation alone, we reverse and remand for further proceedings. In doing so, however, we would advise the trial court, as did the Alston court, that while a positive drug test does not violate the “excessive use” condition, it does violate the community control condition directing that the community controllee live without violating the law. Similarly, while appellant’s single, admitted use of illegal drugs does not constitute “excessive use,” it may constitute another violation of condition seven. The state could thus initiate new revocation pro *637 ceedings with a proper charge before appellant’s community control sentence expires, which is presumably in March 1998.
PARKER, C.J., and QUINCE, J., concur.