PER CURIAM.
Mr. Lee was charged with violating two conditions of his conditional release: the condition that he have no contact with a Ms. Thompson, and the condition that he obey the directions of his conditional release officer, viz., reporting by noon on a date certain. While Mr. Lee concedes that he did not *828 appear at noon, he contends he was only an hour late. The record reveals he may have been as much as two hours late, but also reflects that he contacted his conditional release officer by telephone prior to his tardy appearance. The Florida Parole Commission found both violations had occurred and revoked conditional release.
On review, the circuit court ruled that the only evidence of contact with Ms. Thompson was hearsay. The circuit court nevertheless upheld revocation on the ground that Mr. Lee admitted to arriving late for his noon appointment. The circuit court’s ruling that no competent evidence supported the finding of any violation other than tardiness has not been questioned here. Having so ruled, the circuit court departed from the essential requirements of law in failing to remand the case to the Florida Parole Commission, so the Commission could consider, in the first instance, whether the tardiness alone warranted revocation.
We therefore grant the petition for writ of certiorari and remand, with directions that the trial court remand to the Florida Parole Commission for further proceedings. Compare Ross v. State, 701 So.2d 635 (Fla. 2d DCA 1997) (remanding because record did not reveal if court would have revoked based on second violation alone); Llumbet v. State, 698 So.2d 381 (Fla. 4th DCA 1997) (remanding because it could not be told from record if the court would have revoked community control based solely on the remaining two violations); with Griffin v. State, 719 So.2d 972 (Fla. 4th DCA 1998) (declining to remand because the remaining violation was clearly the most serious of the charged violations); Smith v. State, 705 So.2d 1033 (Fla. 3d DCA 1998) (declining to remand because comments in the record made it clear the court would still have revoked based on just one violation).
The petition for writ of certiorari is granted.
ERVIN, BOOTH, and BENTON, JJ., CONCUR.