838 So.2d 1228 (2003)
Walter BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2380.
District Court of Appeal of Florida, First District.
March 7, 2003.
*1229 Nancy A. Daniels, Public Defender; Joel Arnold, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Robert R. Wheeler, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
In this appeal from a revocation of appellant's probation and re-sentencing, appellant argues that the trial court abused its discretion in finding that he had violated standard conditions one and six of his probation. Additionally, appellant notes and the State concedes, the written order of revocation of probation is not consistent with the trial court's oral pronouncement. The oral pronouncement indicated that the state failed to prove appellant's ability to meet his financial obligation, and therefore, the appellant was found not guilty of the violation. We remand for an entry of a proper written revocation order setting forth the conditions of probation appellant was found to have actually violated and re-sentencing for the reasons set forth below. See Bloodworth v. State, 672 So.2d 56 (Fla. 1st DCA 1996).
The standard of review for probation revocation orders is whether the trial court abused its discretion. See Bell v. State, 643 So.2d 674, 675 (Fla. 1st DCA 1994). A violation triggering a revocation of probation must be "willful and substantial." See State v. Meeks, 789 So.2d 982, 987 (Fla.2001); Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993). We find there was sufficient evidence for the trial court to conclude that appellant willfully and substantially failed to satisfy condition one by failing to submit monthly reports to his probation officer. However, in accordance with the dictates of Alston v. State, 646 So.2d 184 (Fla.1994), we must reverse as to condition six for a lack of sufficient evidence of excessive intoxicant use or visiting a place that intoxicants are used. See also Blair v. State, 745 So.2d 496 (Fla. 1st *1230 DCA 1999); Legree v. State, 739 So.2d 616 (Fla. 1st DCA 1999); Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991).
While we must remand, we note, as did the supreme court in Alston, that a single positive urinalysis as in this case could constitute sufficient evidence that appellant violated standard condition five of his probation which required him to "live and remain in liberty without violating any law." See Alston, 646 So.2d at 185. We, therefore, advise the state that nothing in our opinion precludes it from initiating new revocation proceedings against appellant prior to the expiration of his probation, based on a properly charged violation of standard condition five.
Accordingly, we reverse and remand for re-sentencing and further proceedings consistent with this opinion.
ERVIN, WOLF and VAN NORTWICK, JJ., concur.