THOMAS, J.
Appellant, Dexter Robinson, appeals the trial court’s order revoking his probation. Because the trial court did not abuse its discretion when it found that Appellant willfully and substantially violated his probation, we affirm.
Under the terms of his probation, Appellant was expected to file a monthly report by the 5th of each month and comply with his probation officer’s instructions. At the violation of probation hearing, his probation officer testified that Appellant violated his probation when he failed to comply with these requirements. She explained that Appellant failed to report for his probation appointment on October 4, 2005, which was scheduled to enable Appellant to timely complete his monthly report. Appellant reported to the office the next day, approximately 20 minutes after the office closed. The probation officer testified that she spoke to Appellant through the locked door and specifically instructed him to report to the office at 10:00 am on October 6. Appellant failed to show, and instead turned himself in at the jail on October 19. Appellant testified that he could not make his appointment on October 4 because he worked late, and he came to the office on October 5 because he thought a late appointment was available. Appellant testified that he failed to show on October 6 because he “knew he would be violated” and because he had transportation problems. Appellant admitted that he never called his probation officer to explain his whereabouts on October 6.
Revocation of probation orders are reviewed under an abuse of discretion standard. Blackshear v. State, 838 So.2d 1228, 1229 (Fla. 1st DCA 2003). “[F]ailure to file a single monthly report may, in certain circumstances, justify probation revocation if such failure is willful and substantial and supported by the greater weight of the evidence.” State v. Carter, 835 So.2d 259, 261 (Fla.2002) (citing Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988)). Although the supreme court has explained that there may be circumstances *518 in which revoking an appellant’s probation based on failure to file a single report would be “patently unfair,” it would not be unfair based on the circumstances here. See id. at 262. Appellant failed to complete his report by the assigned date and did not attempt to file it shortly thereafter. In addition, he did not inform his probation officer of a transportation problem or attempt to explain the situation. Although Appellant testified that he turned himself in because he knew he would be violated, he waited two weeks before doing so; therefore, the trial court did not abuse its discretion in finding that Appellant willfully and substantially violated his probation when he failed to file the monthly report.
AFFIRMED.
WOLF and PADOVANO, JJ., concur.