PER CURIAM.
Appellant challenges the trial court’s revocation of his probation, arguing the trial court abused its discretion by finding he violated his probation based on four contacts with a minor outside the presence of another adult, and also that the trial court improperly revoked his probation based solely on hearsay evidence.[1] We find merit in Appellant’s argument as to two of the four contact violations. We find no merit in the remainder of Appellant’s contentions.
Appellant pled nolo contendere in 2001 to two counts of lewd, lascivious, or indecent assault or act upon or in the presence of a child and one count of sexual performance by a child. One of the requirements of Appellant’s probation was that he have no contact with a child under the age of 18 without the presence of another adult. Appellant’s probation officer testified at the violation of probation hearing that, when confronted with his prior statements in the context of a polygraph examination, Appellant acknowledged four incidents of contact with a child under age 18. We address only the two incidents that we hold did not constitute a willful and substantial violation of this probation requirement.
In one instance, Appellant was at church getting in an elevator when a minor approached him and asked him a question. In the other instance, Appellant was unloading his vehicle when he was approached by a child relative. This was the extent of the State’s evidence as to these alleged violations. Although the trial court noted at the hearing that these two encounters were incidental and not initiated by Appellant, the court found they were willful and substantial violations of the prohibition against contact with children without the presence of another adult.
“To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.” Van Wagner v. State, 677 So.2d 814, 816 (Fla. 1st DCA 1996). Based on the record before us, the State did not prove either a willful or substantial violation by a preponderance of the evidence, and the trial court abused its discretion by finding these two contacts violated this condition of Appellant’s probation.
As noted, the trial court found the other two incidents were also willful and substantial violations. We find no abuse of discretion as to these findings. We remand, however, “for a determination by the trial court as to whether it would revoke Appellant’s probation based on [the remaining] violation[s] alone” and, if so, whether it would impose the same sentence. Smith v. State, 49 So.3d 833, 835 (Fla. 1st DCA 2010).
As for Appellant’s hearsay argument, no such objection was made below; thus, the issue was not preserved.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions consistent with this opinion.
VAN NORTWICK, THOMAS, and ROWE, JJ., concur.

. Appellant does not challenge the trial court’s finding that his failure to pay his monthly monitoring fee was a willful and substantial violation of his probation.