LOGUE, J.
In this case, Vernia Smith appeals the trial court’s order revoking his probation. As reflected below, we affirm in part and reverse in part.
On April 80, 2012, Smith pled guilty to the offense of unlawful driving as a habitual traffic offender and was placed on probation. While on probation, Smith was investigated for sexual battery, although he was never charged with that offense. Instead, as a result of the investigation, he was charged with violating the following conditions of his probation: condition five (“failing to live and remain at liberty without violating the law”); condition seven (“using intoxicants to excess or possessing any drugs or narcotics, unless prescribed by a physician”); condition eight (“failing to successfully complete 50 hours of community service”); and condition eighteen (“failing to complete a Drive Legal Program”).
*254 Following an evidentiary hearing, the trial judge announced from the bench that Smith had violated condition seven, but that the State had failed to prove that Smith had violated conditions five, eight, and eighteen. The order of revocation of probation, however, reflected that Smith had violated conditions five, eight, and eighteen. The State concedes that the discrepancy between the written order and the oral pronouncement reflects error. We therefore remand for an entry of a written revocation order correctly reflecting the trial court’s oral ruling. See Stark v. State, 712 So.2d 454, 455 (Fla. 2d DCA 1998) (finding that the written order of probation should match the trial court’s oral pronouncements); see also Reiter v. State, 674 So.2d 189, 190-91 (Fla. 2d DCA 1996) (finding that the “written [probation] order must be modified to conform to the court’s oral pronouncement”).
Smith’s main contention on appeal is that the record fails to contain evidence that he violated condition seven, which, as mentioned above, prohibited him from “using intoxicants to excess or possessing any drugs or narcotics, unless prescribed by a physician.” In making this argument, Smith accurately notes that the record reflects that Smith used intoxicants on probation only once. Citing to Alston v. State, 646 So.2d 184 (Fla.1994), and its progeny,[1] Smith argues that a single use of intoxicants does not constitute a violation of probation. We distinguish the Alston line of cases on the basis that the officers in those cases did not witness the probationers in an intoxicated or inebriated state.
While the Court in Alston rejected the position that “a single drug test, without more, is sufficient evidence to find a violation of this particular community control provision,” it did so “because the conduct established does not appear to be that which the excessive use condition was intended to proscribe.” Id. at 185. In so holding, the Court cited with approval to Scott v. State, 524 So.2d 1148 (Fla. 3d DCA 1988), in which this Court held that probation could be revoked based upon a police officer observing the defendant staggering down the street in an intoxicated state on a single occasion. Under Alston, therefore, even a single use of an intoxicant can qualify as excessive when there is also evidence that the use caused the probationer to become drunk, inebriated, or otherwise mentally or physically impaired.
In the instant case, the investigating officer testified that he had difficulty reading Smith his Miranda[2] rights because Smith “appeared to be out of it.” Shortly after his arrest, Smith gave a videotaped statement at the police station, which was played at the hearing and observed by the trial court. On the tape, Smith admitted that he was under the influence of both cocaine and alcohol. The officer attempted to read Smith the Miranda warning, but gave up due to Smith’s condition. After the officer left the room, Smith put his head down on a desk for over ten minutes and appeared to fall asleep. Taken together, these facts are sufficient for the trial judge to have found that Smith’s use of cocaine and alcohol impaired his faculties to the point where he was “using intoxicants to excess” in violation of condition seven of his probation.
*255 Affirmed in part, reversed in part, and remanded for farther proceedings consistent with this opinion.

. McGathey v. State, 71 So.3d 224 (Fla. 2d DCA 2011); Blackshear v. State, 838 So.2d 1228 (Fla. 1st DCA 2003); Blair v. State, 745 So.2d 496 (Fla. 1st DCA 1999); Ross v. State, 701 So.2d 635 (Fla. 2d DCA 1997).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).