FERNANDEZ, J.
Frank Leone appeals the trial court’s order revoking his probation and claims that the written order of revocation of probation does not conform to the oral pronouncement. The State properly concedes that the probation violation order must be corrected, and we therefore reverse and remand.
Leone pled guilty to charges of burglary and grand theft. In exchange for his plea, the trial court sentenced him to ten years in state prison. The court thereafter suspended the sentence with the condition that he serve ten years of probation, with a special condition that he successfully complete a residential drug and mental health program.
In the affidavits of probation, the State alleged that Leone committed three technical violations when he: 1) failed to report to the probation office as directed, 2) changed his residence without first obtaining the consent of his probation officer (and absconding), and 3) failed to complete the residential drug and mental health treatment program. The State later added two substantive violations to the affidavits, alleging that Leone violated the law when he committed petit theft and obstruction.
The State proceeded on the technical violations at the probation violation hearing, but abandoned the substantive violations, after which the trial court imposed sentence. In its oral pronouncement, the trial court did not specifically address each allegation contained in the probation violation affidavit. The trial court simply found that Leone willfully violated his probation and imposed a sentence of ten years in state prison for each of the eases. The sentences were to run concurrently to one another, and Leone received credit for time served. Subsequently, however, in its written orders revoking Leone’s probation in both of the cases, the trial court found that Leone violated his probation because he: 1) failed to report to the probation office as directed, 2) changed his residence — absconded, 3) failed to complete residential treatment, 4) had a new arrest for petit theft, and 5) had a new arrest for obstruction.
*450 Although there is no inconsistency between the trial court’s oral pronouncement and the order of violation of probation, the State properly concedes that because no evidence was presented as to the fourth and fifth allegations (the substantive violations of petit theft and obstruction), the order of revocation must be corrected to reflect allegations one, two and three only (the technical violations). We therefore reverse and remand for correction of the order of revocation. See Shacker v. State, 106 So.3d 36 (Fla. 3d DCA 2013); Smith v. State, 100 So.3d 253 (Fla. 3d DCA 2012).
Reversed and remanded.