IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID LEE BROWN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1559

Opinion filed June 1, 2017.

An appeal from the Circuit Court for Bay County.
Brantley S. Clark, Judge.

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

Appellant challenges the trial court's order revoking his probation for two violations: committing the new law violation of failure to register as a sex offender by failing to register a cell phone number, and using intoxicants to excess. Appellant raises several arguments, but we find only two merit discussion: (1) whether the State presented sufficient evidence that appellant used the cell phone

to the extent that he was required to register it; and (2) whether the probation officer's testimony that appellant was intoxicated during a visit was sufficient to show that he used intoxicants to excess. We find there was sufficient evidence on both counts and affirm.

Facts

In November 2014, appellant pled no contest to the offense of failure to register as a sex offender, and the court sentenced him to 60 months' probation. In February 2016, the State filed an affidavit of violation of probation alleging that appellant both committed the new law violation of failure to register as a sex offender and violated the probation condition that he "not use intoxicants to excess."

At a hearing, appellant's probation officer testified that she and a United States marshal conducted a drop-in visit on appellant. The probation officer testified that upon arrival, she saw a white cell phone sitting next to appellant. She "asked him could I see his cell phone, and he handed me that" white phone. Appellant said "the phone belonged to his wife and he did not put it in his name because then he would have to register it." The U.S. marshal similarly testified that appellant said "the phone was in his wife's name, and that they did that purposefully, because if they left it in his wife's name he would not have to register it."

2

Additionally, appellant's probation officer testified that appellant seemed intoxicated during the encounter. When she asked him to produce his identification, he handed her his credit card. She testified that "[h]is eyes were glassed over and he was leaning back and forth. He said he had just drunk a couple of beers." She stated there was a beer sitting on the ground right next to appellant. There was also catnip on the couch, and someone had used the cell phone to conduct a search on the effects of smoking catnip.

Appellant's wife testified that she had two phones, one of which was the number that appellant had registered as belonging to him and the other she used for herself. She testified that on the day in question, her phone was dead, so she left it on the charger and took appellant's phone. On cross-examination, she stated that although she usually left appellant with the phone that was registered as belonging to him, sometimes they would swap and he would use her phone. She testified that appellant would text and call his friends on her phone.

Appellant testified the cell phone had been in his hand when he answered the door because he had been playing a game on it, and the probation officer immediately asked for it. Appellant testified he told the officer and the marshal that the phone belonged to his wife, and he had been drinking and did not understand their questions. When asked if it was "unusual" for him to use his wife's phone, he testified that he "play[ed] the games all the time" on it. He further testified that

3

when he was at home, his wife would leave the phone so that she could call him and wake him up for work. He stated that "sometimes" he would take the phone to work with him so that he and his wife could call each other.

Appellant conceded that although he claimed the phone found in his possession belonged to his wife, her name was listed in the phone's contacts. The number that was listed as belonging to her was the number that appellant had registered as his own phone number.

The court found that appellant violated the terms of his probation both by committing the new law violation of failure to register as a sex offender and by using intoxicants to excess. The court revoked appellant's probation and sentenced him to 60 months in prison.

Analysis

"'To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.'" White v. State, 76 So. 3d 410, 411 (Fla. 1st DCA 2012) (quoting Van Wagner v. State, 677 So. 2d 314, 316 (Fla. 1st DCA 1996)). Where the State alleges that the probationer violated the terms of probation by committing a new law violation, "[p]roof sufficient to support a criminal conviction is not required . . . . The state need only show by a preponderance of the evidence that the defendant committed the offense charged." Robinson v. State, 609 So. 2d 89, 90

4

(Fla. 1st DCA 1992) (citing <u>Griffin v. State</u>, 603 So. 2d 48, 50 (Fla. 1st DCA 1992)).

The trial court has "'broad judicial discretion to determine whether the conditions of the probation have been violated, and, therefore, whether the revocation of probation is in order.'" <u>Lawson v. State</u>, 969 So. 2d 222, 229 (Fla. 2007) (quoting <u>State ex rel. Roberts v. Cochran</u>, 140 So. 2d 597, 599 (Fla. 1962)). Thus, this court reviews the ultimate decision to revoke probation for an abuse of discretion. <u>Id.</u> However, we first assess whether the factual findings supporting the court's decision are supported by competent, substantial evidence. <u>Rodgers v. State</u>, 171 So. 3d 236, 238 (Fla. 1st DCA 2015); <u>Savage v. State</u>, 120 So. 3d 619, 621 (Fla. 2d DCA 2013).

### 1. <u>Failure to Register</u>

Appellant argues that the trial court erred in finding he committed the new law violation of failure to register as a sex offender because the State's evidence was insufficient to prove that the cellular phone in his possession during the drop-in visit belonged to him or that he used the phone frequently enough to be required to register that phone's number under section 943.0435, Florida Statutes (2014).

Section 943.0435(2)(b) requires the offender to register in the county in which he was convicted within 48 hours after conviction and to provide ". . . <u>all</u> home telephone numbers and cellular telephone numbers required to be provided

5

pursuant to paragraph (4)(e)." (Emphasis added). Subsection (4)(e)(2) states that the offender "shall register all changes to home telephone numbers and cellular telephone numbers, including added and deleted numbers." § 943.0435(4)(e)(2), Fla. Stat. (emphasis added).

Here, appellant argues the phone did not belong to him, and the State did not show that he used the phone frequently enough to be required to register it under section 943.0435. However, under the plain language of the statute, there is no minimum-use or frequency threshold required to trigger the registration requirement. The plain language of the statute states that all phone numbers must be registered. § 943.0435(4)(e), Fla. Stat. Evidence that an offender had control over a phone and used that phone can be sufficient to trigger the registration requirement.

Here, there was competent, substantial evidence to prove appellant had control over and used the phone that he alleged was his wife's. Appellant's wife testified that she would sometimes leave the unregistered phone with appellant for him to use, and he used it to text and call his friends. Further, the probation officer and the U.S. marshal testified that appellant admitted to willfully failing to register the phone; he stated that he purposefully placed the phone in his wife's name so that he would not have to register it.

Appellant also conceded during his testimony that although he claimed the phone belonged to his wife, her name was listed in the phone's contacts, and the number that was listed as belonging to her was the number that appellant had registered as his own phone number. Thus, there was competent, substantial evidence that appellant willfully and substantially violated the conditions of his probation by intentionally failing to register the cellular telephone's number in violation of section 943.0435. Therefore, we affirm as to this issue.

### 2. Using Intoxicants to Excess

Appellant argues the trial court erred in finding he violated the condition of his probation that he "not use intoxicants to excess" because the State's evidence that he was intoxicated during a single occasion – the visit by his probation officer – was insufficient to prove a violation of this condition. Appellant relies on Alston v. State, 646 So. 2d 184 (Fla. 1994), to support this assertion. However, we find his reliance is misplaced.

In Alston, a community control officer observed Alston standing on a street corner on a day he should have been working, so the officer required Alston to report to the probation office where he was subjected to a drug test. He tested positive for cocaine. The State alleged that he violated the condition of his supervision that he "not use intoxicants to excess." Id. However, the supreme court held that the "use of cocaine, as evidenced by a single drug test, did not violate the

7

community control condition requiring him to refrain from using intoxicants <u>to</u> <u>excess</u>." <u>Id.</u> at 185 (emphasis added). The court noted that "[t]he plain language of the condition indicates that only 'excessive' use of an intoxicant is prohibited. We do not believe a single positive drug test, without more, is sufficient evidence to find a violation of this particular community control condition." <u>Id.</u>

Appellant asserts that here, as in <u>Alston</u>, evidence that he was intoxicated on a single occasion was not sufficient evidence that he used intoxicants to excess. He argues the testimony of the probation officer and the U.S. marshal that they saw him with a beer and their testimony regarding his manner and physical state was insufficient. While he concedes that beer may be an "intoxicant," he argues the excessive-use condition cannot be met without more.

However, the State argues that <u>Alston</u> is distinguishable because the case at hand did not involve a single positive drug test. Instead, the State argues this case is more similar to <u>Smith v. State</u>, 100 So. 3d 253, 254 (Fla. 3d DCA 2012), in which the Third District found evidence that officers observed Smith in an intoxicated state on a single occasion was sufficient to support the trial court's finding that Smith violated the terms of his probation by using intoxicants to excess.

Smith argued evidence that he was intoxicated on that single instance was insufficient to prove that he used intoxicants to excess, relying on <u>Alston</u>. <u>Id.</u>

However, the Third District found Alston could not have intended to hold that a single instance of intoxication could never prove use of intoxicants to excess because Alston cited with approval Scott v. State, 524 So. 2d 1148 (Fla. 3d DCA 1988). In Scott, the Third District held evidence that a probationer was observed staggering down the street in an intoxicated state on a single occasion was sufficient to prove he used intoxicants to excess. Smith, 100 So. 3d at 254 (citing Scott, 524 So. 2d 1148). The Smith court concluded that "[u]nder Alston, therefore, even a single use of an intoxicant can qualify as excessive when there is also evidence that the use caused the probationer to become drunk, inebriated, or otherwise mentally or physically impaired." Id.

We agree with the Third District's conclusion that Alston did not hold that evidence of a single use of an intoxicant can never be enough to prove use of intoxicants to excess. Rather, the Alston decision turned on the fact that a positive drug test proves only use, not use to excess. Alston, 646 So. 2d at 185 (emphasizing that "only 'excessive' use of an intoxicant is prohibited").

In other words, in Alston, evidence was presented to show only that Alston had ingested cocaine – not that he was physically or mentally impaired as a result. Here, the probation officer's observation of appellant in an intoxicated state was sufficient to prove that he used intoxicants to excess. The officer testified that appellant seemed intoxicated because when she asked for his identification, he

9

handed her his credit card. She stated his eyes were glassed over, he was leaning back and forth, and there was a beer next to him. Further, during the hearing, appellant conceded that he told the officer and the marshal that he had been drinking and did not understand their questions. This evidence was competent, substantial evidence that supported the trial court's finding that appellant used intoxicants to excess.

As such, we AFFIRM.

ROBERTS, C.J., and THOMAS, J., CONCUR.