# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1298
Lower Tribunal No. F15-12844B
_____

**Anthony Frazier,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

In 2016, pursuant to a negotiated plea with the State, Anthony Frazier was sentenced to ten years' state prison followed by five years' probation in exchange for pleading guilty to charges of armed robbery and possession of a firearm by a convicted felon. Prior to the plea, the State had filed its notice that Frazier qualified as a Prison Releasee Reoffender, and notice of intent to enhance Frazier as a Habitual Felony Offender and Habitual Violent Felony Offender. As part of the negotiated plea, the State agreed, inter alia, to waive the mandatory provisions of the Prison Releasee Reoffender statute.[1]

Following his release from prison, Frazier began serving his probationary term. While on probation, he was arrested and, in May 2021, the State filed the operative affidavit of violation of probation, alleging Frazier violated the conditions of his probation by committing five new crimes and by failing to pay the costs of supervision and drug testing fees.

---

[1] The Prison Releasee Reoffender does not "enhance" or "increase" the maximum possible statutory penalty. Instead, it mandates imposition of the maximum term of imprisonment as the only available sentence, removing all sentencing discretion from the trial court. In the instant case, for example, the armed robbery offense is a first-degree felony, punishable by up to life in prison; under the Prison Releasee Reoffender statute, the trial court must sentence the defendant to "a term of imprisonment for life." § 775.082(9)(a)3.a., Fla. Stat. (2022). In addition, the defendant "must serve 100 percent of the court-imposed sentence." § 775.082(9)(b).

Prior to the commencement of the probation violation hearing, the prosecution and defense announced they had tentatively reached a negotiated plea (ten years' State prison followed by ten years' probation) but when the terms of the plea were presented to the trial court, the court inquired whether Frazier had qualified as a Prison Releasee Reoffender. Following a review of the court file, it was confirmed that the State had in fact filed its notice that Frazier met the qualifications for designation as a Prison Releasee Reoffender, and that he qualified as a Prison Releasee Reoffender. The trial court rejected the proposed negotiated plea, to which the defense objected and moved to disqualify the trial court, alleging the trial court had impermissibly "entered the fray" of the negotiations and abandoned its neutral role by questioning the State regarding Frazier's status as a Prison Releasee Reoffender. The trial court denied the motion to disqualify and proceeded to a probation violation hearing. Following the hearing, the trial court found the State had proven Frazier violated the conditions of his probation by having committed four new crimes, and sentenced Frazier to life in prison as a Prison Releasee Reoffender for armed robbery, and a concurrent three-year minimum mandatory sentence for the offense of possession of a firearm by a convicted felon. This appeal follows.

On appeal, Frazier asserts the trial court erred in denying his motion for disqualification. We affirm the trial court's order denying disqualification, as the motion was legally insufficient. The inquiry into the terms of the original plea in 2016, and the defendant's status as a Prison Releasee Reoffender, was appropriate to assist the trial court in its determination whether to accept or reject the proposed negotiated plea.[2] Once properly aware of the history of the case, the terms of the original sentence and defendant's status at that time, the trial court exercised its discretion to reject the proposed negotiated plea and proceed to a probation violation hearing. It is apodictic that, up until the time of sentencing, a trial court retains the authority to reject a proposed plea negotiated between the parties. See Fla. R. Crim. P. 3.172(g) ("No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may

---

[2] See Fla. R. Crim. P. 3.171(b)(2) ("**Responsibilities of the Prosecuting Attorney.** The prosecuting attorney shall: (A) apprise the trial judge of all material facts known to the attorney regarding the offense and the defendant's background prior to acceptance of a plea by the trial judge"); Fla. R. Crim. P. 3.171(d) ("**Responsibilities of the Trial Judge.** After an agreement on a plea has been reached, the trial judge may have made known to him or her the agreement and reasons therefor prior to the acceptance of the plea. Thereafter, the judge shall advise the parties whether other factors (unknown at the time) may make his or her concurrence impossible.")

be withdrawn by either party without any necessary justification."); Fla. R. Crim. P. 3.172(h) ("If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn."); Goins v. State, 672 So. 2d 30, 31 (Fla. 1996); Rollman v. State, 887 So. 2d 1233, 1235 (Fla. 2004) (reaffirming that "a trial court retains the authority to alter a prior plea arrangement up until the time sentence is imposed, so long as the trial court provides the defendant an opportunity to withdraw any plea that was entered in reliance on the promised sentence.")

We find no merit in the remaining claims raised, and affirm the sentence imposed following the revocation of probation, but note that the written order of revocation of probation fails to conform to the trial court's oral pronouncement. The trial court orally pronounced that the State proved Frazier violated his probation by committing the crimes of possession of fraudulent motor vehicle tag; possession of a controlled substance; driving under the influence; and driving with no valid driver's license. The trial court found that the three remaining alleged violations (lewd or lascivious exhibition in a correctional facility, failure to pay costs of supervision, and failure to pay drug testing fees) were not proven. The oral pronouncement controls. See Smith v. State, 306 So. 3d 1147 (Fla. 3d DCA 2020); Shacker v. State, 106 So. 3d 36 (Fla. 3d DCA 2013); Smith v. State, 100 So. 3d 253

5

(Fla. 3d DCA 2012). However, Frazier failed to preserve this issue for appeal either by contemporaneous objection to the written revocation order, or by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See Thomas v. State, 763 So. 2d 316 (Fla. 2000) (approving district court's decision holding that a conflict between an oral pronouncement that defendant violated one condition of probation and the written revocation order that he violated an additional seven conditions of probation was not fundamental error correctable on appeal absent preservation, as the asserted error had "no quantitative effect on the sentence," and further noting that the defendant or the State may seek to correct a scrivener's error by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)); Smith, 306 So. 3d at 1148 (following Thomas and affirming without prejudice to the filing of a motion to correct the conflict between the oral pronouncement and written revocation order).

Affirmed without prejudice to the filing of a timely and authorized postconviction motion seeking to correct any conflict between the trial court's oral pronouncement and the written revocation order regarding those violations found by the trial court to have been proven.